UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-21-121-CBG |
| ) | |
| BYRON JEROME BURTON, a/k/a ) | |
| BRYON BURTON, a/k/a BYRON J. ) | |
| BURTON, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Now before the Court is a Motion for Review (Doc. No. 34), filed through counsel by Defendant Byron Jerome Burton. The Government has responded (Doc. No. 38), Defendant has filed a Reply (Doc. No. 39), and the Motion is now at issue.

I.   *Background*

On April 5, 2021, Defendant's state-court convictions for felony murder and attempted robbery—based upon the same allegations of conduct at issue in this proceeding—were vacated in light of the U.S. Supreme Court's decision in *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020). On April 6, 2021, the Government filed a criminal complaint charging Defendant with Murder in Indian Country in violation of 18 U.S.C. §§ 1111, 1151, and 1153. *See* Doc. No. 1. The Government also filed a motion seeking the pretrial detention of Defendant. *See* Doc. No. 9.

U.S. Magistrate Judge Steven P. Shreder held a detention hearing on April 14, 2021, and found that there is "no set of conditions" that could be imposed "that would assure the

safety of the community." Detention Hr'g Tr. 8:16-17 (Doc. No. 33). Judge Shreder ordered that Defendant be detained pending trial due to "a serious risk that the defendant will endanger the safety of another person or the community." *See* Detention Order (Doc. No. 21) at 2. Judge Shreder found by clear and convincing evidence that Defendant poses such a risk "due to the nature and circumstances of the offense charged and the Defendant's incarceration for the last 22 years." *Id.*

On April 16, 2021, an Indictment in this Court was filed that presented two counts: (1) Murder in Perpetration of Robbery in Indian Country, in violation of 18 U.S.C. §§ 1111(a), 1151, and 1153; and (2) Causing the Death of a Person in the Course of a Violation of Title 18 U.S.C. § 924(c), in violation of 18 U.S.C. § 924(j)(1). *See* Indictment (Doc. No. 24) at 1-2. This matter is set for trial on the Court's October 2021 trial docket.

II.     *Applicable Standards*

A person who is ordered detained by a magistrate judge may file "a motion for revocation or amendment" of the detention order. 18 U.S.C. § 3145(a)(2). A district court considering such a motion reviews the matter de novo, "but there is no statutory requirement that the court hold a hearing." *United States v. Oaks*, 793 F. App'x 744, 747 (10th Cir. 2019). "Rather, the court may hold a hearing, if it so chooses." *Id.* In the instant case, the Court concludes that an evidentiary hearing is not required, as no need for a hearing is indicated by the factual record, the pleadings, and the briefing that are before the Court.

To obtain the pretrial detention of a defendant, the Government bears the burden to prove "that no condition or combination of conditions will reasonably assure the

2

appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1); *see United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003). "The government must prove risk of flight by a preponderance of the evidence, and it must prove dangerousness to any other person or to the community by clear and convincing evidence." *Cisneros*, 328 F.3d at 616 (citations omitted); *see* 18 U.S.C. § 3142(e)(1), (f).

Pursuant to 18 U.S.C. § 3142(g), the following factors must be considered by the court "in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community":

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves . . . a . . . firearm . . . ;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

### III.   *Defendant's Motion for Review*

In his Motion, Defendant argues that the Government cannot meet its burden to show that Defendant is either a danger to others and the community or a flight risk such that no condition or combination of conditions can be imposed to permit his release pending trial.  Defendant requests that he be released to live with a third-party custodian and the custodian's wife, subject to home detention and GPS ankle monitoring.

In connection with the application of the factors of 18 U.S.C. § 3142(g), the Court makes the following findings of fact:[1]

1. The Government alleges that on July 23, 1999, Defendant and two other individuals attempted to rob Leonard Hill at his residence and that Mr. Hill was found shot to death.

2. The Government further alleges: "[Defendant] presented a gun in an attempt to rob Hill when Hill also presented a gun.  Both [Defendant] and Hill fired gun shots.  Hill was shot in the chest and abdomen.  [Defendant] fled the home through the bathroom window, where [Defendant's] blood was later discovered."

3. The Government alleges that on July 23, 1999, Defendant was arrested on state charges of conspiracy to commit robbery and first-degree murder.

---

[1] Both the Government and Defendant referred to a pretrial services report in connection with the April 14, 2021 detention hearing and recite from that report in their briefing on Defendant's Motion.  Although that report is not included in the current record, neither party disputes the other's characterization of the report or the accuracy of the facts cited therefrom.  The Court also takes judicial notice of certain publicly available facts regarding Defendant's 2000 state-court felony conviction.  *See State v. Burton*, No. CF-1999-265 (Wagoner Cnty. Dist. Ct.).

4. On February 28, 2000, Defendant entered a guilty plea in Wagoner County District Court to one count of first-degree felony murder and one count of attempted robbery.

5. On March 7, 2000, Defendant was sentenced to life in prison.

6. Defendant was still serving this sentence when on April 5, 2021, the Wagoner County District Court vacated his conviction and sentence and dismissed the criminal case due to a lack of jurisdiction pursuant to *McGirt*.

7. Defendant was 17 years old at the time of the events of July 23, 1999.

8. According to the pretrial services report, prior to Defendant's arrest for the conduct underlying the instant offense, he had been arrested twice on charges of petit larceny, possession of marijuana, and violating curfew. Neither of these arrests resulted in criminal charges.

9. According to the pretrial services report, Defendant has earned his GED while incarcerated and has completed several vocational training programs and certifications.

10. According to the pretrial services report, Defendant's former coach is willing to act as a third-party custodian for Defendant, and to allow Defendant to reside with the coach and his wife, should Defendant be released.

11. According to the pretrial services report, Defendant has at least some family living in Oklahoma; he does not have savings, a passport, credit cards, a cell phone, or a driver's license.

Based upon its de novo review, the Court finds that the § 3142(g) factors weigh in favor of detention. The Court concurs with Judge Shreder's conclusion that the Government has not shown by a preponderance of the evidence that Defendant poses a serious flight risk if released. The conduct at issue in this case, however, is sufficient for the Court to agree that Defendant poses a danger to the community that may only be addressed through detention.

The charged offenses involve both "a crime of violence" and the use of a firearm. 18 U.S.C. § 3142(g)(1); *see also United States v. Baker*, 349 F. Supp. 3d 1113, 1135 (D.N.M. 2018) (noting that that the court is required to "take notice" of offenses falling into the categories prescribed by § 3142(g)(1)). These are serious crimes that reflect a disregard for human life. In light of these facts, and considering all the findings set forth above and all the factors in 18 U.S.C. § 3142(g), the Court concludes that the Government has met its burden to show by clear and convincing evidence that Defendant poses a serious risk of danger to the community and that no condition or combination of conditions would reasonably assure the safety of others and the community if Defendant were released pending trial. *Cf. United States v. Voog*, 702 F. App'x 692, 694 (10th Cir. 2017) ("The concern about safety of the community is to be given a broader construction than the mere danger of physical violence. Safety of the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community." (alteration and internal quotation marks omitted)).

## CONCLUSION

For the reasons set forth above, Defendant's Motion for Review (Doc. No. 34) is DENIED.  Defendant shall continue to be detained pending trial.

IT IS SO ORDERED this 21st day of May, 2021.

_____
CHARLES B. GOODWIN
United States District Judge